## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| JOE THOMAS VALLEJO | CIVIL ACTION NO. 23-1580-P |
|---|---|
| VERSUS | JUDGE DOUGHTY |
| STEVEN PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Joe Thomas Vallejo ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  Plaintiff is a transgender female.  This complaint was received and filed in this court on November 2, 2023.  Plaintiff is currently incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana. Plaintiff names Steven Prator, Rick Farris, Ms. Fredieu, James LeBlanc, and Jane and John Does as Defendants.[1]

On April 25, 2022, Plaintiff reported to Parole Agent Thomas.  He asked Agent Thomas for assistance because he was homeless and needed shelter, food, clothing, and valid identification documents.  He claims Agent Thomas told him that he was ineligible for assistance because it was the end of the month.  He claims Agent Thomas

---

[1] Plaintiff also states claims in his complaint regarding the policies of the Caddo Correctional Center, retaliation, denial of access to the courts, and the policies of the Office of Probation and Parole which will be addressed in a separate Memorandum Order.

discriminated against him because of his sexual orientation.  He claims Agent Thomas had issues with him at his initial visit and asked his supervisors to remove him from his case.  Plaintiff was then assigned to a female parole agent.

On June 28, 2022, Plaintiff was arrested by Shreveport Police Officers (John Does 1-5) who were conducting a prostitution sting.  Plaintiff claims he was a displaced, homeless, transgender female parolee at the time of his arrest.  He claims it was his first arrest for misdemeanor prostitution, but the charge was transferred to the felony division.

Plaintiff was transferred to the Shreveport City Jail.  He claims he was treated unreasonably by two African American females (Jane Does 1 and 2).  Plaintiff was then transported to the Caddo Correctional Center to be booked for the prostitution charge and parole violation hold.

Plaintiff claims that on July 16, 2022, Probation and Parole contacted him at the Caddo Correctional Center.  He claims he was informed of his charges and misled by Parole Officer John Doe to violate himself by waiving his right to a parole revocation hearing.  He claims the Parole Officer told him that as a felony offender, he would be convicted for the felony charge and not the misdemeanor charge.  He claims his parole was revoked.  Plaintiff claims that on September 17, 2022, he appeared in court before Judge Ramona Emanuel and was offered a plea deal to the misdemeanor offense of prostitution.

Plaintiff was transferred from the Caddo Correctional Center to the Richland Parish Correctional Center.  He claims his property, canteen, and legal documents and books were not transferred with him.

Accordingly, Plaintiff seeks injunctive relief, monetary and punitive damages, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Prescription**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  <u>Id</u>. at 280.  In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  <u>See</u> La. C.C. art. 3492.[2]  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when

---

[2] La. C.C. art. 3492 was repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024.  Section 3 of Acts 2024 provides "The provisions of the Act shall be given prospective application only and shall apply to delictual actions after the effective date of this Act."  Thus, La. C.C. art. 3492 is still applicable as to this complaint.

the plaintiff knows or has reason to know of the injury which is the basis for the action."

<u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by Parole Agent Thomas on April 25, 2022. Thus, prescription began to run as to these claims on April 25, 2022. He claims he was arrested by John Does 1-5 on June 28, 2022 during a prostitution sting. Thus, prescription began to run as to any arrest claims on June 28, 2022. He claims he was treated unreasonably at the Shreveport City Jail on June 28, 2022 by Jane Does 1 and 2. Thus, prescription began to ran as to these claims on June 28, 2022. The above entitled and numbered complaint was not signed by Plaintiff until October 21, 2023, and it was not filed by the Clerk of Court until November 2, 2023. Plaintiff's claims against Parole Agent Thomas, John Does 1-5, and Jane Does 1-2 are therefore prescribed.

Accordingly, Plaintiff's claims against Agent Thomas, John Does 1-5, and Jane Does 1-2 should be dismissed as frivolous.

**Heck Claim**

Plaintiff claims his parole was wrongly revoked because he was misled by Parole Officer John Doe. Plaintiff is seeking monetary damages and injunctive relief for an allegedly unconstitutional parole revocation. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his parole revocation has been invalidated. He has not met this precondition and his claims regarding his parole revocation must be dismissed until such time that he can demonstrate that his parole revocation has been invalidated.

**Property**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due

Process Clause is not implicated.  See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).  Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988).  Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent.  See La. Civ. Code art. 2315.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation and injunctive relief for his allegedly unconstitutional parole revocation be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met and that his civil rights claims against Agent Thomas for discrimination on April 25, 2022, arising out of his arrest and detention at the Shreveport City Jail on June 28, 2022, and for his lost property be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim for which relief can be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court

and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79

F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th

day of December, 2024.

Mark L. Hornsby
U.S. Magistrate Judge